Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | JOAN B. GOTTSCHALL | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 9604 | **DATE** | January 18, 2013 |
| **CASE TITLE** | United States ex rel. Angel Negron (#N-80312) vs. Warden Michael Atchison | | |

**DOCKET ENTRY TEXT:**

The respondent is ordered to answer the petition or otherwise plead within twenty-one days of the date of this order. The petitioner's motion for appointment of counsel [#4] is denied as premature.

■ [**For further details see text below.**]   **Docketing to mail notices.**

## STATEMENT

Angel Negron, an Illinois state prisoner, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petitioner challenges his convictions for aggravated criminal sexual assault and aggravated criminal sexual abuse on the grounds that: (1) the evidence failed to establish his guilt beyond a reasonable doubt; (2) the trial court erroneously admitted testimony about other crimes into evidence, thereby denying the petitioner a fair trial; (3) the jury received inadequate instructions; and (4) the prosecution engaged in misconduct by making improper and inflammatory remarks to the jury. The petitioner has paid the statutory filing fee, as directed. *See* Minute Order of December 12, 2012.

The petitioner indicates that he has exhausted state court remedies with respect to the claims raised in his federal habeas petition. It is not clear from either the petition (which lacks dates) or from Westlaw whether the petitioner initiated this suit in a timely manner. However, timeliness is an affirmative defense that may be waived. *See, e.g., Allen v. Siebert*, 552 U.S. 3, 6-7 (2007) (citations omitted); *Grigsby v. Cotton*, 456 F.3d 727, 731 (7th Cir. 2006). Accordingly the respondent is ordered to answer the petition or otherwise plead within twenty-one days of the date of this order. This preliminary order to respond does not, of course, preclude the State from making whatever arguments it may wish to present regarding waiver, exhaustion, timeliness, or procedural default.

**(CONTINUED)**

mjm

**STATEMENT (continued)**

The petitioner's motion for appointment of counsel is denied at this time as premature. Counsel must be appointed in a habeas corpus proceeding only if an evidentiary hearing is needed or if interests of justice so require. *See* Rule 8(c), Rules Governing Section 2254 Cases. Whether the interests of justice require appointment of counsel in this case cannot be determined until after the court has had an opportunity to review and consider the respondent's answer to the petition.